**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael S. Gallegos,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-01-1909-PHX-NVW<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Before the Court is Petitioner's Motion to Alter or Amend the Judgment. (Dkt. 113.) On September 29, 2008, the Court denied Petitioner's amended habeas corpus petition, granted a certificate of appealability ("COA") with respect to one claim, and entered judgment. (Dkts. 111, 112.) In the present motion, Petitioner asks the Court to alter or amend the judgment to expand the COA to include three additional claims.

## DISCUSSION

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its order denying habeas relief, the Court granted a COA with respect to Claim 9, which alleges ineffective assistance of counsel ("IAC") at sentencing. Petitioner now asks the Court to expand the COA to include Claims 3, 6, and 7, which allege IAC at the guilt stage of trial. A COA may issue when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Petitioner contends that the Court erred in denying a COA with respect to Claims 3, 6, and 7, and that reconsideration is necessary to prevent a "manifest injustice." (Dkt. 113 at 2.) Specifically, Petitioner asserts that an expanded COA is required because the Ninth Circuit must be able to consider the claims "in conjunction with" Claim 9. (*Id.* at 4.) According to Petitioner, trial counsel's allegedly ineffective performance at sentencing "must be considered in light of the cumulative effects of the claimed errors set forth on [sic] claims 3, 6, and 7" because counsel failed in his duty to develop a "global" defense theory that would take into account the need to seek a sentence less than death. (*Id.* at 6-7.) Petitioner further argues that review of counsel's performance in a "global trial context . . . is especially important because Gallegos faced two separate fact finders – the jury for guilt/innocence and the trial judge for sentencing." (*Id.*) In sum, Petitioner contends that the Court's denial of a COA on these claims has "imposed a critical obstacle" to his ability to argue on appeal that counsel's performance was ineffective when viewed in the context of the entire trial. (*Id.* at 2.)

These arguments are unpersuasive. First, Petitioner fails to support his contention that counsel's defense theory was not applicable to both the guilt and sentencing stages of trial; nor does he explain how counsel's strategy should have been affected by the fact that the

- 2 -

judge rather than the jury acted as sentencer. Second, Petitioner's IAC claims are governed by the principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), under which competence is presumed and Petitioner bears the burden of demonstrating both that counsel's strategic decisions were objectively unreasonable and that there was a reasonable probability that the outcome of the trial would have been different if counsel had not performed deficiently. Petitioner has failed to satisfy these criteria; evidence of Petitioner's guilt was overwhelming, a fact which limited trial counsel's strategic options and defeats Petitioner's efforts to prove that he was prejudiced by counsel's guilt-stage performance. Third, the AEDPA requires this Court to extend an additional level of deference to the state court's denial of these claims, *see Bell v. Cone*, 535 U.S. 685, 693 (2002), a ruling which occurred after an evidentiary hearing in which Petitioner presented his IAC claims to the trial court. Finally, as described below, in asserting that the Court erred in denying a COA as to Claims 3, 6, and 7, Petitioner simply repeats the merits arguments the Court previously rejected.

### Claim 3

Petitioner argues that trial counsel, in conceding that Petitioner was responsible for the victim's death and acknowledging the horrific nature of the crime, effectively abandoned any defense of Petitioner so that prejudice from counsel's performance is presumed under *United States v. Cronic*, 466 U.S. 648 (1984). The basis for this argument remains Petitioner's inaccurate assertion that trial counsel failed to subject the State's case to adversarial testing, most notably by conceding that Petitioner was guilty of first-degree murder. In fact, as the Court previously noted, the *Cronic* standard is inapplicable because counsel advocated on Petitioner's behalf throughout the proceedings and argued to the jury that Petitioner was guilty not of first-degree murder but of the lesser offense of reckless manslaughter. In addition, counsel's attempt to establish credibility with the jury by admitting facts that were not in dispute was reasonable given the strength of the case against

his client.[1] Petitioner confessed to the crime twice, admitting that he smothered and sodomized the victim but contending that her death was accidental. Details of his confession were supported by DNA evidence and the medical examiner's testimony. Counsel exercised "reasonable professional judgement," *Strickland*, 466 U.S. at 690, in acknowledging such facts in an attempt to establish credibility with the jury as he argued for conviction on a lesser charge.

Furthermore, counsel's approach to Petitioner's defense did not reflect a failure to pursue a "global" strategy. The defense theory was that Petitioner was highly intoxicated, that his companion, Smallwood, was equally responsible for the victim's death, that the sexual assault occurred after the victim was dead, and that various factors mitigated Petitioner's culpability, including his youth, lack of a violent criminal record, solid family background, history of substance abuse, passive personality, and feelings of remorse. All of these elements of the defense applied equally to the guilt and penalty stages of trial, belying Petitioner's contention that trial counsel failed to develop an overarching, consistent approach to the defense.

---

[1] In support of his argument that trial counsel's concession of responsibility and comments about the crime amounted to ineffective assistance, Petitioner cites *Spisak v. Mitchell*, 465 F.3d 684 (6th Cir. 2006), *cert. granted and judgment vacated on other grounds by Hudson v. Spisak*, 128 S. Ct. 373 (2007). In fact, the contrast between the performance of Petitioner's counsel and counsel in *Spisak* illustrates that Petitioner's IAC claim is meritless. In *Spisak*, the Sixth Circuit granted relief because defense counsel, in his closing argument at sentencing, emphasized the brutal nature of the crime, disparaged the defendant, and informed the jury that the defendant was "undeserving of mitigation"; counsel did not attempt to humanize or rehabilitate the defendant, and concluded his argument by informing the jury that the death penalty was an appropriate sentence. *Id.* at 704-05. By contrast, Petitioner's counsel argued vigorously against a death sentence and portrayed Petitioner as a remorseful young man, capable of rehabilitation, who came from a good family and whose participation in the crime was an aberration caused by his state of intoxication and his association with his co-defendant Smallwood.

- 4 -

**Claim 6**

Petitioner argues that trial counsel performed ineffectively by failing to retain an expert who would testify, in contradiction to the medical examiner's testimony, that the victim was sodomized after she was killed. As the Court previously noted, trial counsel attempted to locate such an expert but could not find one whose opinion would counter the medical examiner's testimony. Counsel did not, as Petitioner contends, concede the issue; rather, he cross-examined the medical examiner in an attempt to discount his findings about the timing of the victim's death. Furthermore, Petitioner has not shown that counsel could have located an expert who would have provided helpful testimony, and therefore has not shown that he was prejudiced by counsel's performance. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001).

**Claim 7**

Petitioner argues that trial counsel rendered ineffective assistance by requiring him to testify without a strategic or tactical basis and before counsel had investigated and developed a valid defense theory. Again, the Court disagrees.

As the Court previously explained, the record refutes Petitioner's allegations and establishes that trial counsel's decision to present Petitioner's testimony was fully considered and "the result of reasonable professional judgement." *Strickland*, 466 U.S. at 690. Counsel believed that Petitioner would be a sympathetic witness and that his testimony would serve the important goal of humanizing him before the jury. Moreover, Petitioner's confessions were already in evidence, so no prejudice accrued from his testimony, which recounted the same details as the confessions but also supported key elements of the defense theory, including Petitioner's level of intoxication, the accidental nature of the victim's death, Smallwood's participation, the assertion that the victim was dead at the time Petitioner penetrated her, and Petitioner's feelings of remorse.

**Conclusion**

For the reasons set forth above, and applying the deference mandated under *Strickland* and the AEDPA, the Court concludes that reasonable jurists could not debate its resolution of Claims 3, 6, and 7. The Court also finds that granting a COA on Petitioner's guilt-stage IAC claims is not necessary to facilitate review of Claim 9. Therefore, the Court did not err in denying a COA with respect to Claims 3, 6, or 7, nor did the denial result in a manifest injustice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 113) is **DENIED**.

DATED this 20th day of October, 2008.

_____
Neil V. Wake
United States District Judge