**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Gallegos,

            Petitioner,

v.

David Shinn, et al.,

            Respondents.

No. CV-01-01909-PHX-NVW

**ORDER**

<u>DEATH PENALTY ORDER</u>

Before the Court is the parties' joint motion for an extension of the disclosure deadline with respect to the report of Respondents' expert Dr. Corwin Boake.  (Doc. 197.)  The motion will be denied.

On August 5, 2020, the parties filed a joint status report informing the Court that they had agreed to and requested a new final deadline of September 11, 2020, for expert disclosure.  (Doc. 183 at 3.)  The September 11, 2020, date agreed to by the parties represented an extension of the previous deadline of July 31, 2020, set by the Court.  (Doc. 173.)  At a status conference on August 7, 2020, the Court granted the parties' requested extension of the deadline to September 11, 2020.  (Doc. 187.)

Respondents scheduled Dr. Boake's video evaluation of Gallegos for August 28, 2020.  On August 27, 2020, Gallegos filed an Emergency Motion for Expedited Status Conference (Doc. 190) and informed the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR") that he would not participate in the evaluation on advice of counsel.  The Court denied the emergency motion (Doc. 191) and expressly stated

that the interview must proceed, notwithstanding Petitioner's threat not to participate. ADCRR cancelled the interview.   Petitioner's and his counsel's unilateral cancellation of the scheduled interview in defiance of the Court's schedule is astounding.  Its consequence is not to override and disarrange the Court's schedule.  It results in the Department of Corrections having to accelerate a rescheduled interview, and counsel for Respondent is not without blame for allowing the Department to cancel the scheduled interview.   This astounding conduct may also have professional consequences for Petitioner's counsel.

The parties say they have rescheduled Dr. Boake's evaluation of Gallegos for September 14, 2020, a time set by the Department of Corrections.  The parties request that the deadline for disclosure of Dr. Boake's report be moved to September 25, 2020. The parties need to reschedule the interview to an earlier date that will allow Dr. Boake to meet the September 11, 2020 report deadline.

The request will be denied. The deadline of September 11, 2020, is the date agreed to by the parties and set by the Court.  That date stands.  The Court emphasizes that disclosure of the expert reports is necessary to enable opposing parties and the Court to evaluate the testimony and to determine whether to allow video testimony.

The court will consider a motion to order ADCRR to make an interview available at an earlier date (if counsel for Respondent cannot persuade the Department to do so without an order of the Court) and a motion to impose on Petitioner's counsel and/or their office any increased expense in the preparation of Dr. Boake's timely report caused by counsel for Petitioner's obstruction.

**IT IS THEREFORE ORDERED** that the parties' joint motion for an extension of the disclosure deadline (Doc. 197) is denied.  The September 11, 2020 expert report deadline stands for all experts, not just Dr. Boake.

Dated: September 1, 2020.

_____
Neil V. Wake
Senior United States District Judge

- 2 -